MARK POE (S.B. #223714)
  mpoe@gawpoe.com
RANDOLPH GAW (S.B. #223718)
  rgaw@gawpoe.com
SAMUEL SONG (S.B. #245007)
  ssong@gawpoe.com
VICTOR MENG (S.B. #254102)
  vmeng@gawpoe.com
GAW | POE LLP
4 Embarcadero, Suite 1400
San Francisco, CA 94111
Telephone: (415) 766-7451
Facsimile: (415) 737-0642

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| U.S. WHOLESALE OUTLET & DISTRIBUTION, INC., et al.<br><br>Plaintiffs,<br><br>v.<br><br>LIVING ESSENTIALS, LLC and INNOVATION VENTURES, LLC<br><br>Defendants. | Case No. 2:18-cv-1077-CBM-E<br><br>**DISCOVERY MATTER**<br><br>**PLAINTIFFS' *EX PARTE* MOTION TO QUASH ADDITIONAL THIRD-PARTY SUBPOENAS OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER**<br><br>Discovery Cutoff:  March 1, 2019<br>Pretrial Conference: Sept. 10, 2019<br>Trial Date:           Oct. 1, 2019 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that plaintiffs U.S. Wholesale Outlet & Distribution, Inc.; Trepco Imports & Distribution, Ltd.; YnY International, Inc.; Eashou, Inc. (d/b/a San Diego Cash & Carry); California Wholesale; Sanoor, Inc. (d/b/a L.A. Top Distributor); and L.A. International Corporation (collectively, "Plaintiffs") will and hereby do apply to this Court *ex parte* for an order quashing the 15 subpoenas issued by defendants Living Essentials, LLC and Innovation Ventures, LLC (collectively, "Living Essentials") seeking deposition testimony and document production from Plaintiffs' customers:

> Soto Mobil Mart; Monique Wade; TNN Discount Market; Charlie (full name unknown) c/o Young's Supply; Young's Supply; Lance (full name unknown) c/o LDK Wholesale Co.; LDK Wholesale Co.; Max Supply Co.; Steve (full name unknown) c/o Max Supply Co.; Jay (full name unknown) c/o JJ Trading LLC; Jay (full name unknown) c/o JJ Wholesale LLC; JJ Trading LLC; JJ Wholesale LLC; Sam (full name unknown) c/o Sam's Imports, Inc.; and Sam's Imports, Inc.

Plaintiffs further request that the Court enter sanctions against Living Essentials for discovery abuse. Plaintiffs bring this motion pursuant to Federal Rules of Civil Procedure 26 and 45, on the grounds that: (1) Living Essentials is attempting to take more than 10 depositions without leave of court; (2) the subpoenas do not give the deponents a reasonable time to comply; and (3) the document requests in those subpoenas are overbroad and unduly burdensome. This application is based on this Notice, the attached Memorandum of Points and Authorities, the concurrently-filed declarations of Randolph Gaw, Joey Wahidi, and Ayed "Jeff" Mansour and upon all papers and documents on file herein.

As attested to in the Gaw Declaration, counsel for Plaintiffs e-mailed counsel for Living Essentials on January 11, 2019 and notified them of Plaintiffs' intent to bring this *ex parte* motion to quash all of the third-party deposition and document

1  subpoenas on the same grounds raised by Plaintiffs' *Ex Parte* Motion to Quash
2  Third-Party Subpoenas Or, in the Alternative, For Protective Order (ECF No. 95.)
3  Counsel for Plaintiffs asked counsel for Living Essentials to advise if they intended
4  to oppose this motion, but no response was provided.
5      Living Essentials is represented by the following counsel:
6      Gerald E. Hawxhurst, jerry@hawxhurstllp.com
7      Alexander Safyan, alex@hawxhurstllp.com
8      HAWXHURST LLP, 11111 Santa Monica Blvd., Suite 620, Los Angeles,
9  CA 90025; tel: 310-8953-5150; fax: 310-893-5195
10      E. Powell Miller, epm@millerlawpc.com
11      Martha Olijnyk, mjo@millerlawpc.com
12      THE MILLER LAW FIRM, P.C., 950 W. University Dr., Suite 300,
13  Rochester, MI 48307

15  Dated: January 14, 2019      GAW | POE LLP

17  By: /s/ Randolph Gaw
18      Randolph Gaw
        Attorneys for Plaintiffs

## INTRODUCTION

On January 10, 2019, Plaintiffs filed their *Ex Parte* Motion to Quash Third-Party Subpoenas Or, in the Alternative, For Protective Order (ECF No. 95) (hereinafter, the "First *Ex Parte* Motion") in connection with **127** combined deposition and document subpoenas that Living Essentials had issued days earlier to Plaintiffs' customers. Living Essentials had served those subpoenas even though they had not obtained prior leave of Court to take more than 10 depositions.

Showing their contempt for Plaintiffs and the judicial process, on January 11, 2019, Living Essentials issued 15 additional subpoenas to Plaintiffs' customers. Plaintiffs therefore bring this *ex parte* motion to quash those additional subpoenas, or to obtain a protective order precluding Living Essentials from serving any further third-party subpoenas without either prior leave of Court or Plaintiffs' consent.

Furthermore, the Court should sanction Living Essentials for this discovery abuse. It is clear that Living Essentials' true aim is not discovery, but to harass and punish Plaintiffs for challenging its price discrimination regime that has gone on at least 7 years now. Living Essentials' tactics are working: many of Plaintiffs' customers have called into Plaintiffs upon receiving the subpoenas and said they will stop doing business with them, and the damage is expected to spread even to customers that never bought any 5-Hour Energy from either party in the first place.

## STATEMENT OF FACTS

The facts are almost identical to the First *Ex Parte* Motion. On January 11, 2019, Living Essentials issued 15 additional subpoenas to Plaintiffs' customers, after having issued 127 to Plaintiffs' customers on January 4 and 9, 2019:

> Soto Mobil Mart; Monique Wade; TNN Discount Market; Charlie (full name unknown) c/o Young's Supply; Young's Supply; Lance (full name unknown) c/o LDK Wholesale Co.; LDK Wholesale Co.; Max Supply Co.; Steve (full name unknown) c/o Max Supply Co.; Jay (full name unknown) c/o JJ Trading LLC; Jay (full name

unknown) c/o JJ Wholesale LLC; JJ Trading LLC; JJ Wholesale LLC; Sam (full name unknown) c/o Sam's Imports, Inc.; and Sam's Imports, Inc.

(Declaration of Randolph Gaw In Support of Motion to Quash Additional Subpoenas ("Add. Gaw Decl.") ¶¶ 3-4 & Exs. 1-2.)

All of the subpoenas had a compliance date set 14 days after their issuance date, though Living Essentials has claimed these are just "placeholder" dates. (*Id.*) All of the subpoenas call for both a deposition as to five deposition topics, including each witness's purchase of "any products" from each of Plaintiffs and from Costco, and information about the vendors and suppliers of the other products that each witness sold. (*Id.*, Ex. 1 at Attachment A, page 3.) All of the subpoenas also commanded each witness to produce seven different categories of documents, including

- "DOCUMENTS sufficient to show *all of YOUR purchases* from COSTCO, including the item, SKU, price, and quantity of items purchased, any discounts or rebates received, dates of purchase, and the COSTCO location from which the items were purchased."
- "DOCUMENTS sufficient to show *all of YOUR purchases* from each of the PLAINTIFFS, including the item, SKU, price, and quantity of items purchased, any discounts or rebates received, dates of purchase, and the location from which the items were purchased."
- "DOCUMENTS sufficient to identify *all* of YOUR vendors and suppliers *and* the various products they sell to YOU, *including* the prices YOU paid for those products."

(*Id.*)

Not surprisingly, the customers that have received these subpoenas are angry, and many of them are blaming Plaintiffs. (*See* Declaration of Ayed "Jeff" Mansour In Support of Motion to Quash Additional Subpoenas; Declaration of Joey Wahidi

In Support of Motion to Quash Additional Subpoenas ("Add. Wahidi Decl.").) Many customers have already stated that they will never do business again with Plaintiffs as a result of being subpoenaed. (Add. Wahidi Decl. ¶ 3.) This will likely have a large, adverse impact on Plaintiffs' business, as other customers (who do not even buy 5-Hour Energy) will hear of this general dissatisfaction and will stop buying from Plaintiffs as well. (*Id.* ¶ 4.)

## **ARGUMENT**

Upon a timely motion, a court may quash or modify a subpoena if it fails to allow a reasonable time to comply, or subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A). A party may also move for a protective order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c).

Plaintiffs expressly incorporate by reference their arguments from the First *Ex Parte* Motion. (ECF No. 95.) Living Essentials still has not obtained leave of court to take more than 10 depositions, yet has now issued 142 depositions for Plaintiffs' customers and deposition notices for the seven Plaintiffs. The subpoenas do not allow a reasonable time for Plaintiffs' customers to comply. In addition, the subpoenas are unduly oppressive and burdensome on Plaintiffs' customers, because (1) the document requests are overbroad and would be extremely burdensome for Plaintiffs' customers to gather and produce, (2) Living Essentials is seeking irrelevant information, and (3) the information requested from Plaintiffs' customers is likely to be immaterial and cumulative.

Furthermore, Living Essentials' conduct makes clear that its true aim is to harass Plaintiffs. Living Essentials cannot credibly contend that any issue in this case requires **137** third-party depositions. The Court should sanction Living Essentials pursuant to its inherent powers to sanction litigants for their bad-faith conduct in litigation. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46-47 (1991). The Court should also sanction Living Essentials pursuant to Rule 45 for how this

façade is wreaking havoc on third-parties and Plaintiffs alike. *See* Fed. R. Civ. P. 45(d)(1)( "A person or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required *must* enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply.") (emphasis added).

In particular, the Federal Rules are clear that Living Essentials cannot act in the manner that it has. *See* Fed. R. Civ. P. 30(a)(2)(A)(i) ("A party *must obtain leave of court*… [if] the deposition would result in more than 10 depositions being taken under this rule") (emphasis added). Living Essentials' contempt for the judicial process should not be tolerated.

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court grant their *ex parte* motion to quash Living Essentials' subpoenas or, in the alternative, issue a protective order precluding compliance with those subpoenas. In addition, the Court should also preclude Living Essentials from issuing any further third-party subpoenas without prior leave of Court or without the consent of Plaintiffs.

Dated: January 14, 2019     GAW | POE LLP

By: _____
Randolph Gaw
Attorneys for Plaintiffs