# EXHIBIT 14

To the Omnibus Declaration of Victor Meng
In Support of Plaintiffs' Motions *in Limine*

# Model Jury Instructions in Civil Antitrust Cases

## 2016 Edition



SECTION OF
ANTITRUST
LAW

Promoting Competition
Protecting Consumers



AMERICAN BAR ASSOCIATION
Defending Liberty
Pursuing Justice

4.  Instruction 4: Sherman Act Section 2—Attempted Monopoly—
    Specific Intent (Patents) ........................................................ 198
5.  Instruction 5: Sherman Act Section 2—Attempted Monopoly
    Dangerous Probability of Success (Patents)........................... 200

D.  Patent Licensing.................................................................... 202
    1.  Instruction 1: Price Restrictions On Licensees Who Are
        Competitors ..................................................................... 202
    2.  Instruction 2: Customer, Territorial, and Field of Use
        Restrictions—Elements...................................................... 205
    3.  Instruction 3: Customer, Territorial, and Field of Use
        Restrictions—Rule of Reason ............................................. 209
    4.  Instruction 4: Customer, Territorial, and Field of Use
        Restrictions—Scope of Patent Coverage ............................. 211
    5.  Instruction 5: Customer, Territorial, and Field of Use
        Restrictions—Pretext or Sham ........................................... 213
    6.  Instruction 6: "Grantback" Provisions—Elements............... 215
    7.  Instruction 7: "Grantback" Provisions—Rule of Reason ..... 216
    8.  Instruction 8: Refusals to Deal .......................................... 219
    9.  Instruction 9: Tying............................................................. 221

E.  Patent Pools........................................................................... 222
    1.  Instruction 1: General........................................................... 222
    2.  Instruction 2: Sherman Act Section 1 (Price Fixing, Territorial
        Allocations, and Other Restrictions)—Elements ................. 224
    3.  Instruction 3: Sherman Act Section 1—Rule of Reason ...... 228

F.  Other Patent Misconduct ........................................................ 232
    Instruction 1: Fraudulent Procurement ...................................... 232
    2.  Instruction 2: Sham Enforcement......................................... 235

Chapter 5 ..................................................................................... 238
Robinson-Patman Act....................................................................... 238

A.  Seller Liability—Section 2(a)...................................................... 238
    1.  Instruction 1: General Definition of Price Discrimination... 238
    2.  Instruction 2: Elements........................................................ 240
    3.  Instruction 3: Sale of Commodities...................................... 244
    4.  Instruction 4: Reasonably Contemporaneous Sales ............. 246
    5.  Instruction 5: Like Grade and Quality.................................. 248
    6.  Instruction 6: Net Prices....................................................... 250
    7.  Instruction 7: Competitive Injury—General ........................ 253
    8.  Instruction 8: Competitive Injury—Primary Line................ 254
    9.  Instruction 9: Predatory Pricing .......................................... 257

Case 2:18-cv-01077-CBM-E  Document 300-14  Filed 08/20/19  Page 4 of 7  Page ID
#:17908
viii       *Model Jury Instructions in Civil Antitrust Cases*

10. Instruction 10: Competitive Injury—Secondary and Tertiary
    Line ........................................................................................... 258
11. Instruction 11: Functional Discounts ................................... 263
12. Instruction 12: Meeting Competition Defense ...................... 266
13. Instruction 13: Cost Justification Defense............................ 270
14. Instruction 14: Changing Conditions Defense ..................... 272

B.    Buyer Liability—Section 2(f)........................................................ 274
1.   Instruction 1: General.............................................................. 274
2.   Instruction 2: Elements............................................................ 276
3.   Instruction 3: Sale of Commodities........................................ 277
4.   Instruction 4: Reasonably Contemporaneous Sales ............. 278
5.   Instruction 5: Like Grade and Quality................................... 279
6.   Instruction 6: Net Prices.......................................................... 280
7.   Instruction 7: Competitive Injury........................................... 281
8.   Instruction 8: Functional Discounts ...................................... 282
9.   Instruction 9: Meeting Competition Defense ........................ 283
10. Instruction 10: Cost Justification Defense............................ 285
11. Instruction 11: Changing Conditions Defense ..................... 287
12. Instruction 12: Knowing Inducement..................................... 288

C.    Other Robinson-Patman Provisions and Issues .......................... 289
1.   Instruction 1: Brokerage Payments/Commercial Bribery—§
     2(c) ............................................................................................ 289
2.   Instruction 2: Advertising and Promotional Allowances and
     Services -§§ 2(d) and 2(e) ...................................................... 292
3.   Instruction 3: Availability....................................................... 296
4.   Instruction 4: Single Seller...................................................... 297
5.   Instruction 5: Note on Damages in Robinson-Patman Cases298

**Chapter 6** ............................................................................................ 300
**Causation And Damages** .................................................................... 300
A.    Clayton Act Section 4 Requirements............................................ 300
1.   Instruction 1: Injury and Causation ...................................... 300
2.   Instruction 2: Business or Property ....................................... 303
B.    Damages .......................................................................................... 304
1.   Instruction 1: Antitrust Damages—Introduction and Purpose304
2.   Instruction 2: Antitrust Damages—Bifurcated Trial............ 306
3.   Instruction 3: Basis for Calculating Damages...................... 307
4.   Instruction 4: Causation and Disaggregation ...................... 310
5.   Instruction 5: Damages for Purchasers—Overcharges Based on
     Horizontal Price Fixing, Output Restriction, Market Allocation,
     or Other Agreements Not to Compete.................................... 312

## *3.    Instruction 3: Basis for Calculating Damages*

You are permitted to make just and reasonable estimates in calculating plaintiff's damages.¹ You are not required to calculate damages with mathematical certainty or precision. However, the amount of damages must have a reasonable basis in the evidence and must be based on reasonable, non-speculative assumptions and estimates. Damages may not be based on guesswork or speculation.² Plaintiff must prove the reasonableness of each of the assumptions upon which the damages calculation is based.

If you find that plaintiff has provided a reasonable basis for determining damages, then you may award damages based on a just and reasonable estimate supported by the evidence.³

If you find that plaintiff has failed to carry its burden of providing a reasonable basis for determining damages, then you may not award damages [*or you may award nominal damages, not to exceed one dollar*].⁴

## NOTES

1.    The Supreme Court has recognized that "[t]he vagaries of the marketplace usually deny us sure knowledge of what plaintiff's situation would have been in the absence of defendant's antitrust violation." J. Truett Payne Co. v. Chrysler Motors Corp., 451 U.S. 557, 566 (1981) (standards of proving damages can be relaxed, but declining to apply relaxed standards in light of weakness of the evidence and instead remanding). Accordingly, "a lightened burden of proof is imposed on a plaintiff seeking to prove antitrust damages once violations of the law have been established." Reid Bros. Logging Co. v. Ketchikan Pulp Co., 699 F.2d 1292, 1299 (9th Cir. 1983); s*ee, e.g.*, Comcast Corp. v. Behrend, 133 S. Ct. 1426, 1433 (2013) (damages calculations "need not be exact" at the class certification stage, but must be consistent with plaintiff's theory of liability); Amerinet, Inc. v. Xerox Corp., 972 F.2d 1483, 1493, 1495 (8th Cir. 1992) ("[a] treble-damage plaintiff is not required to prove exactly and with total certainty the amount of antitrust damages which it has sustained, if that plaintiff clearly demonstrates that defendant's antitrust violations caused its antitrust injury," but finding plaintiff failed to carry its burden).

2.    Although there is a relaxed standard of proof as to the amount of damage, the Supreme Court has made clear that a damage award may not be based on "speculation or guesswork." Bigelow v. RKO Radio Pictures, 327 U.S. 251, 264 (1946) ("[E]ven where defendant by his own wrong has prevented a more precise computation, the jury may not render a verdict based on speculation or guesswork."); *Amerinet*, 972 F.2d at 1495 (plaintiff failed to provide sufficient evidence to support damages claim); Farley Transp. Co. v. Santa Fe Trail Transp.

Co., 786 F.2d 1342, 1350-51 (9th Cir. 1985) (no damages may be awarded where jury required to speculate).

3. In appropriate cases, the court may instruct the jury that it must have a reasonable basis to apportion plaintiff's alleged damages between lawful and unlawful causes. Proof of the amount of damage may be insufficient if it fails to provide the jury with any reasonable basis on which to estimate how much plaintiff's income or profit was reduced by factors wholly separate from the antitrust violation. *See* MCI Commc'ns Corp. v. AT&T, 708 F.2d 1081, 1162-63 (7th Cir. 1983) ("When a plaintiff improperly attributes all losses to a defendant's illegal acts, despite the presence of significant other factors, the evidence does not permit a jury to make a reasonable and principled estimate of the amount of damage. This is precisely the type of 'speculation or guesswork' not permitted for antitrust jury verdicts."); Household Goods Carriers' Bureau v. Terrell, 452 F.2d 152, 159-60 (5th Cir. 1971); Momand v. Universal Film Exchs., 172 F.2d 37, 43 (1st Cir. 1948); ILC Peripherals Leasing Corp. v. IBM, 458 F. Supp. 423, 434 (N.D. Cal. 1978) (granting directed verdict for defendant because plaintiff failed to separate lawful and unlawful acts), *aff'd sub nom.* Memorex Corp v. IBM, 636 F.2d 1188 (9th Cir. 1980); *see also* Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 542-43 (1983) (damages were "highly speculative" because plaintiff's injury was indirect and the "alleged effects" on plaintiff "may have been produced by independent factors").

In appropriate cases, courts may instruct the jury as follows: [*Plaintiff bears the burden of proving damages with reasonable certainty, including apportioning damages between lawful and unlawful causes. If you find that there is no reasonable basis to apportion plaintiff's alleged injury between lawful and unlawful causes, or that apportionment can only be accomplished through speculation or guesswork, then you may not award any damages at all.*] *See, e.g.,* Jury Instructions at 66, United Nat'l Maint. v. San Diego Convention Ctr. Corp., No. 07-2172 (S.D. Cal. 2011), ECF No. 218 ("United bears the burden of proving damages with reasonable certainty, including apportioning damages between lawful and unlawful causes. If you find that there is no reasonable basis to apportion United's alleged injury between lawful and unlawful causes, or that apportionment can only be accomplished through speculation or guesswork, then you may not award any damages at all."); Final Jury Instructions at 50, Deutscher Tennis Bund v. ATP Tour, No. 07-178 (D. Del. 2008), ECF No. 198 ("Plaintiffs bear the burden of proving damages with reasonable certainty, including apportioning damages between lawful and unlawful causes. If you find that there is no reasonable basis to apportion Plaintiffs' alleged injury between lawful and unlawful causes, or that apportionment can only be accomplished through speculation or guesswork, then you may not award any damages at all.").

4. If an antitrust violation and injury has been shown but damages cannot be calculated except through guesswork or speculation, a jury may award nominal or zero damages to plaintiff. *See* U.S. Football League v. NFL, 842 F.2d 1335,

1376-77 (2d Cir. 1988) (affirming nominal damages instruction: "We also reject the USFL's claim that the award of nominal damages in antitrust cases is somehow 'suspect.' Other courts routinely approve the award of such damages"); Rosebrough Monument Co. v. Mem'l Park Cemetery Ass'n, 666 F.2d 1130, 1147 (8th Cir. 1981) ("Under the circumstances, we think an award of nominal damages is justified and remand to the district court with directions to award appellant nominal damages in the amount of $3."); Jury Instructions at 27, *In re* TFT-LCD (Flat Panel) Antitrust Litig., No. M 07-1827 (N.D. Cal. 2013), ECF No. 8543 ("The law which applies to this case authorizes an award of nominal damages. If you find for the Plaintiffs but you find that the Plaintiffs have failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar."); Jury Instructions at 64, *In re* Lorazepam & Clorazepate Antitrust Litig., Nos. MDL-1290, 99-mc-276 (D.D.C. 2005), ECF No. 899-5 ("If you find that you are not able to calculate monetary damages without resorting to pure speculation or guesswork, you may award a nominal amount, say, $1.00."); Instructions Given to the Jury at 39, JamSports & Entm't v. Paradama Prods., No. 02-2298 (N.D. Ill. 2005), ECF No. 326 ("If you are unable to determine damages on a particular claim without engaging in speculation or guesswork, or if you find that JamSports has failed to prove damages on a particular claim by a preponderance of the evidence, you may decline to award JamSports damages on that claim, or may award a nominal amount, such as $1.00.").