1

2

3

4

5

6

7

ORIGINAL



FILED
CLERK, U.S. DISTRICT COURT

OCT 2 1 2019

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

8          # UNITED STATES DISTRICT COURT

9          ## CENTRAL DISTRICT OF CALIFORNIA

10

11   U.S. WHOLESALE OUTLET &          Case No.: 2:18-cv-1077-CBM-Ex
     DISTRIBUTION, INC., et al,
12
            Plaintiffs,
13
     vs.                              **COURT'S JURY INSTRUCTIONS**
14
     LIVING ESSENTIALS, LLC and
15   INNOVATION VENTURES, LLC
16      Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

1

**COURT'S INSTRUCTION NO. 1**

2       Members of the Jury: Now that you have heard all of the evidence and the

3   arguments of the attorneys, it is my duty to instruct you as to the law of the case.

4       Each of you will receive a copy of these instructions in the jury room to

5   consult during deliberations.

6       You must not infer from these instructions or from anything I may say or do

7   as indicating that I have an opinion regarding the evidence or what your verdict

8   should be.

9       It is your duty to find the facts from all the evidence in the case. To those

10  facts you will apply the law as I give it to you. You must follow the law as I give

11  it to you whether you agree with it or not. And you must not be influenced by any

12  personal likes or dislikes, opinions, prejudices, or sympathy. That means that you

13  must decide the case solely on the evidence before you. You will recall that you

14  took an oath to do so.

15      In following my instructions, you must follow all of them and not single out

16  some and ignore others; they are all important.

17

18

19

20

21

22

23

24

25

26

27

28

1

**COURT'S INSTRUCTION NO. 2**

2    The evidence you are to consider in deciding what the facts are consists of:

3    1.    the sworn testimony of any witness;

4    2.    the exhibits that are admitted into evidence;

5    3.    any facts to which the lawyers have agreed; and

6    4.    any facts that I may instruct you to accept as proved.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COURT'S INSTRUCTION NO. 3**

The parties have agreed to certain facts that will be read to you. You must therefore treat these facts as having been proved.

1. The seven plaintiffs are wholesale businesses that sell, among other merchandise, 5-hour Energy in California.

2. Living Essentials, LLC is the manufacturer and distributor of 5-hour Energy, and Innovation Ventures, LLC is its corporate parent. Both companies are referred to together as "Living Essentials."

3. Living Essentials has manufactured and sold 5-hour Energy since 2004.

4. Living Essentials manufactures all bottles of 5-hour Energy in Wabash, Indiana, and then sells and distributes them around the country, including California.

5. Living Essentials uses an independent broker, Paramount Sales Group, to sell 5-hour Energy to Plaintiffs and other wholesalers in California.

6. Living Essentials also uses an independent broker to sell 5-hour Energy to Costco Wholesale Corporation ("Costco"). At different times during the relevant period, those brokers were Level One Marketing, Advantage Sales & Marketing, and Innovative Club Partners.

7. Costco operates two types of stores, the "regular" Costco stores, which cater to consumers, and a separate type called the Costco Business Centers, which cater primarily—but not exclusively—to small businesses.

8. From 2012 to December 2015 there were four Costco Business Centers in California (Commerce, San Diego, Hawthorne, and Hayward). In December 2015, the Westminster Costco Business Center was opened. In August 2017, Burbank and South San Francisco Costco Business Centers were opened.

4

## COURT'S INSTRUCTION NO. 4

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered.

4. Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COURT'S INSTRUCTION NO. 5**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**COURT'S INSTRUCTION NO. 6**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overruled the objection, the question may be answered or the exhibit received. If I sustained the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

# COURT'S INSTRUCTION NO. 7

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:
1. the opportunity and ability of the witness to see or hear or know the things testified to;
2. the witness's memory;
3. the witness's manner while testifying;
4. the witness's interest in the outcome of the case, if any;
5. the witness's bias or prejudice, if any;
6. whether other evidence contradicted the witness's testimony;
7. the reasonableness of the witness's testimony in light of all the evidence; and
8. any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**COURT'S INSTRUCTION NO. 8**

You have heard testimony from several witnesses who testified to opinions and the reasons for their opinions. This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

1

## COURT'S INSTRUCTION NO. 9

2      Certain charts and summaries not admitted into evidence have been shown to
3 you in order to help explain the contents of books, records, documents, or other
4 evidence in the case. Charts and summaries are only as good as the underlying
5 evidence that supports them. You should, therefore, give them only such weight as
6 you think the underlying evidence deserves.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## COURT'S INSTRUCTION NO. 10

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

**COURT'S INSTRUCTION NO. 11**

There are seven plaintiffs: U.S. Wholesale Outlet & Distribution, Inc. (hereinafter "U.S. Wholesale"), Trepco Imports & Distribution, Ltd. (hereinafter "Trepco"), YnY International, Inc. (hereinafter "YnY"), Eashou Inc. doing business as San Diego Cash & Carry (hereinafter "San Diego Cash & Carry"), California Wholesale, Sanoor, Inc. doing business as L.A. Top Distributor (hereinafter "L.A. Top"), and L.A. International Corporation (hereinafter "L.A. International").

There are two defendants: Living Essentials, LLC, and Innovation Ventures, LLC.

Each Plaintiff asserts one cause of action against Defendants. Their claim arises under a federal law known as the Robinson-Patman Act, which makes price discrimination unlawful to the extent that it threatens to injure competition.

Although there are several Plaintiffs in this action, Defendants are entitled to a fair consideration of the defense as to each Plaintiff, just as each Plaintiff is entitled to a fair consideration of its claims against Defendants. Unless otherwise stated, all instructions given to you govern the case as to each Plaintiff.

1

**COURT'S INSTRUCTION NO. 12**

2        Plaintiffs claim arises under a section of the Robinson-Patman Act entitled

3    Section 2(a), hereinafter "the Section 2(a) claim". Under certain circumstances,

4    the Robinson-Patman Act prohibits a seller from selling goods of like grade and

5    quality to different purchasers at different prices. However, the Act does not

6    prohibit all price differences.

7        In this case, Plaintiffs claim that Defendants sold 5-hour Energy to Costco

8    Wholesale Company at prices that were lower than those paid by Plaintiffs.

1

**COURT'S INSTRUCTION NO. 13**

2      The Section 2(a) claim is based on comparing Defendants' sales to

3   Plaintiffs, with Defendants' sales to Costco. To prove a violation of Section 2(a),

4   each Plaintiff must prove, with respect to a set of compared sales, the following by

5   a preponderance of the evidence:

6      1. The sales being compared were made by Defendants at about the same
7         time;
8      2. Defendants charged discriminatory—that is, different—prices to
          different purchasers;
9      3. There is a reasonable possibility that the discriminatory pricing may
10        substantially harm competition;

11     There is no dispute that Defendants charged different prices to Costco and

12   Plaintiffs. If you find that the evidence is insufficient to prove any one or more of

13   these elements for a Plaintiff, then you must find for Defendants and against that

14   Plaintiff on that Plaintiff's Section 2(a) claim.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COURT'S INSTRUCTION NO. 14**

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**COURT'S INSTRUCTION NO. 15**

Each Plaintiff must prove that the sales being compared were reasonably contemporaneous. That means that the sale to a Plaintiff and the sale to Costco occurred at about the same time. In determining whether the sales being compared were made at about the same time, you may consider the following factors:

1. Whether the prices in the industry fluctuate or whether prices tend to remain stable over time;
2. Whether the product is seasonal, perishable, or otherwise subject to obsolescence or depreciation;
3. The length of time between the sales; and
4. Whether market conditions changed during the time between the sales.

If you find that the sales by Defendants that are being compared occurred at about the same time, you must find that a Plaintiff has established this element of its claim. If you find that the sales compared are sufficiently isolated in time or circumstances that they cannot be said to have occurred at approximately the same time for a Plaintiff, then you must find for Defendants and against that Plaintiff on the Section 2(a) claim.

1

**COURT'S INSTRUCTION NO. 16**

2        Each Plaintiff is also required to prove that there was price discrimination.

3    "Price discrimination" means selling goods to one purchaser at a price that is

4    different from that charged another purchaser. Here, there is no dispute that

5    Defendants charged different prices to Plaintiffs and Costco.

6        Nevertheless, there is a dispute about the amount of the price difference at

7    issue. That determination is up to you. In making that determination, you must

8    determine the actual net prices paid by the purchasers by taking into account any

9    rebates, allowances, discounts, or other terms and conditions of sale that alter the

10   price actually paid. In this case, Plaintiffs claim that Costco received a lower price

11   because it was given terms that were not available to Plaintiffs, including rebates,

12   advertising payments, payments for product placement, and a spoilage allowance.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COURT'S INSTRUCTION NO. 17**

Plaintiffs are also required to show that there is a reasonable possibility that the alleged price discrimination may substantially harm competition. Plaintiffs are not required to prove that the alleged price difference actually harmed competition.

18

**COURT'S INSTRUCTION NO. 18**

To establish a reasonable possibility of substantial harm to competition, each Plaintiff must show that sales or profits were diverted from it to competing purchasers because of discrimination. Plaintiffs can show that sales or profits were diverted either by showing a substantial difference in price between sales by Defendants to a Plaintiff and sales by Defendants to other competing purchasers over a significant period of time or by offering direct evidence of lost sales or profits caused by discrimination. Each Plaintiff must show that it and favored purchasers competed to resell the relevant products to the same customers or buyers.

Proof of a reasonable possibility of substantial harm to competition can be overcome or rebutted if you find that Defendants proved that any lost sales or profits were not caused by the price differential but were caused by some other factor or factors. If, however, you find that a Plaintiff actually lost some sales as a result of the alleged price discrimination, then competition has been harmed to that extent.

If, after considering the foregoing matters, you find that there is a reasonable possibility that Defendants' discriminatory pricing may have substantially harmed competition, then you must find that a Plaintiff has established this element of the Section 2(a) claim. If you find that there is not a reasonable possibility that the discrimination may have such an effect, then you must find that Defendants did not violate Section 2(a), and you must therefore find for Defendants and against that Plaintiff on the Section 2(a) claim.

# COURT'S INSTRUCTION NO. 19

Defendants claim that its lower prices to Costco are justified as functional discounts. "Functional discounts" are discounts given by a seller to a buyer based on the buyer's performance of certain functions for the seller's product. In this case, Defendants claim that Costco received lower prices because it performed promotional, marketing, and advertising services.

To show that its lower prices to Costco were justified as functional discounts, Defendants must present proof as to each of the following:

1. Costco actually performed the promotional, marketing, and advertising services, and
2. the amount of the discount was a reasonable reimbursement for the actual functions performed by Costco.

Functional discounts may usually be granted to customers who operate at different levels of trade (for example, wholesalers versus retailers), and thus do not compete with each other, without risk of violating Section 2(a) of the Robinson-Patman Act.

Plaintiff bears the ultimate burden to prove that defendant's lower prices were not justified as a functional discount. If you find that the lower prices granted by Defendants to Costco were justified as a functional discount, then you must return a verdict for defendant on the Section 2(a) claim. If you find that the prices to Costco were not justified as a functional discount, then you must consider the remainder of the court's instructions before reaching your verdict.

**COURT'S INSTRUCTION NO. 20**

If you find that Defendants have violated Section 2(a), then you must decide if a Plaintiff is entitled to recover damages from Defendants.

Each Plaintiff is entitled to recover damages for an injury to its business or property if it can prove by a preponderance of the evidence the following three elements of injury and causation:

1. That Plaintiff was in fact injured as a result of Defendants' alleged violation of Robinson-Patman Act;
2. Defendants' alleged illegal conduct was a material cause of that Plaintiff's injury; and
3. That Plaintiff's injury is an injury of the type that the Robinson-Patman Act was intended to prevent.

The first element is sometimes referred to as "injury in fact" or "fact of damage." For a Plaintiff to establish that it is entitled to recover damages, it must prove that it was injured as a result of Defendants' alleged violation of the Robinson-Patman Act. Proving the fact of damage does not require a Plaintiff to prove the dollar value of its injury. It requires only that a Plaintiff prove that it was in fact injured by Defendants' alleged violation. If you find that a Plaintiff has established that it was in fact injured, you may then consider the amount of that Plaintiff's damages. It is important to understand, however, that injury and amount of damage are different concepts and that you cannot consider the amount of damage unless and until you have concluded that a Plaintiff has established that it was in fact injured.

Each Plaintiff must also offer evidence that establishes Defendants' alleged illegal conduct was a material cause of plaintiff's injury. This means that a Plaintiff must have proved that some damage occurred to it as a result of Defendants' alleged violation, and not some other cause. A Plaintiff is not required to prove that Defendants' alleged violation was the sole cause of its injury; nor need a

21

1    Plaintiff eliminate all other possible causes of injury. It is enough if a Plaintiff has

2    proved that the alleged violation was a material cause of its injury.

3         Finally, each Plaintiff must establish that its injury is the type of injury that

4    the Robinson-Patman Act was intended to prevent. If a Plaintiff's injuries were

5    caused by a reduction in competition, acts that would lead to a reduction in

6    competition, or acts that would otherwise harm consumers, then a Plaintiff's

7    injuries are the type of injury that the Robinson-Patman Act was intended to

8    prevent. On the other hand, if a Plaintiff's injuries were caused by heightened

9    competition, the competitive process itself, or by acts that would benefit

10   consumers, then a Plaintiff's injuries are not the type of injury that the Robinson-

11   Patman Act was intended to prevent and a Plaintiff may not recover damages for

12   those injuries under the Robinson-Patman Act.

13        In summary, if a Plaintiff can establish that it was in fact injured by

14   defendant's conduct, that Defendants' conduct was a material cause of a Plaintiff's

15   injury, and that a Plaintiff's injury was the type that the Robinson-Patman Act was

16   intended to prevent, then the Plaintiff is entitled to recover damages for the injury

17   to its business or property.

18

19

20

21

22

23

24

25

26

27

28

# COURT'S INSTRUCTION NO. 21

If you find that Defendants violated Section 2(a) and that this violation caused injury to a Plaintiff, then you must determine the amount of damages, if any, that particular Plaintiff is entitled to recover. The fact that I am giving you instructions concerning the issue of damages does not mean that I believe any Plaintiff should, or should not, be awarded damages. If you reach a verdict for Defendants on the Section 2(a) claim, you should not consider the issue of damages, and you may disregard the damages instruction that I am about to give.

The law provides that a Plaintiff should be fairly compensated for all damages to its business or property that were a direct result or likely consequence of the conduct that you have found to be unlawful.

Damages are only compensatory, meaning their purpose is to put an injured plaintiff as near as possible in the position in which it would have been had the alleged violation not occurred. The law does not permit you to award damages to punish a wrongdoer—what we sometimes refer to as punitive damages—or to deter particular conduct in the future.

**COURT'S INSTRUCTION NO. 22**

You are permitted to make just and reasonable estimates in calculating a Plaintiff's damages. You are not required to calculate damages with mathematical certainty or precision. However, the amount of damages must have a reasonable basis in the evidence and must be based on reasonable, non-speculative assumptions and estimates. Damages may not be based on guesswork or speculation. A Plaintiff must prove the reasonableness of each of the assumptions upon which the damages calculation is based.

If you find that a Plaintiff has provided a reasonable basis for determining damages, then you may award damages based on a just and reasonable estimate supported by the evidence as to each Plaintiff.

If you find that a Plaintiff has failed to carry its burden of providing a reasonable basis for determining damages, then you may not award damages to that Plaintiff.

**COURT'S INSTRUCTION NO. 23**

If you find that Defendants violated Section 2(a) and that a Plaintiff was injured by that violation, the Plaintiff is entitled to recover for such injury that was the direct result or likely consequence of the unlawful acts of Defendants. A Plaintiff bears the burden of showing that its injuries were caused by Defendants' violation, as opposed to any other factors. If you find that a Plaintiff's alleged injuries were caused in part by Defendants' alleged violation and in part by other factors, then you may award damages only for that portion of a Plaintiff's alleged injuries that was caused by Defendants' alleged violation.

Each Plaintiff claims that it suffered injury because it lost sales and profits as a result of Defendants' alleged violation. Defendants claim that any profits or sales lost by a Plaintiff occurred as a result of other factors that have nothing to do with the alleged violation.

A Plaintiff bears the burden of proving damages by a preponderance of the evidence, including apportioning damages between the violation of Section 2(a) and other causes. If you find that a Plaintiff was injured by Defendants' alleged violation, and there is a reasonable basis to apportion a Plaintiff's alleged injury between the violation of Section 2(a) and other causes, then you may award damages.

25

1

**COURT'S INSTRUCTION NO. 24**

2        If you award damages, you will be asked what sum of money would fairly

3    and reasonably compensate each Plaintiff. If you find more than one Plaintiff is

4    entitled to recover damages, exercise caution to be sure that each Plaintiff is

5    awarded damages only for its own injuries.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COURT'S INSTRUCTION NO. 25**

Each Plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages. Defendants has the burden of proving by a preponderance of the evidence:

1. Each Plaintiff failed to use reasonable efforts to mitigate damages; and
2. Amount by which damages would have been mitigated

# COURT'S INSTRUCTION NO. 26

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain

28

1  any information through improper communications, then your verdict may be
2  influenced by inaccurate, incomplete or misleading information that has not been
3  tested by the trial process.  Each of the parties is entitled to a fair trial by an
4  impartial jury, and if you decide the case based on information not presented in
5  court, you will have denied the parties a fair trial.  Remember, you have taken an
6  oath to follow the rules, and it is very important that you follow these rules.
7      A juror who violates these restrictions jeopardizes the fairness of these
8  proceedings, and a mistrial could result that would require the entire trial process
9  to start over.  If any juror is exposed to any outside information, please notify the
10 court immediately.

**COURT'S INSTRUCTION NO. 27**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing.  I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including the court— how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COURT'S INSTRUCTION NO. 28**

You may have taken notes to help you remember the evidence. If you have taken notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Your notes will be destroyed at the conclusion of the case.

Whether or not you took notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

**COURT'S INSTRUCTION NO. 29**

A verdict form has been prepared for you with questions you must answer. I have already instructed you on the law that you are to use in answering these questions. You must follow my instructions and the forms carefully. You must consider each question separately. Although you may discuss the evidence and the issues to be decided in any sequence, you must answer the questions on the verdict form in the order they appear. After you answer a question, the forms tell you what to do next. All of you must deliberate on and answer each question. All of you must agree on an answer before all of you can move on to the next question.

After you have reached unanimous agreement on each question on the verdict form, your presiding juror should complete the forms that have been given to you according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

You may be polled in open court. If so, each juror must be able to state truthfully that the answer does or does not express his or her vote.

32

1

**COURT'S INSTRUCTION NO. 30**

2      Before you begin your deliberations, elect one member of the jury as your

3 presiding juror. The presiding juror will preside over the deliberations and serve as

4 the spokesperson for the jury in court.

5      You shall diligently strive to reach agreement with all of the other jurors if

6 you can do so. Your verdict must be unanimous.

7      Each of you must decide the case for yourself, but you should do so only

8 after you have considered all of the evidence, discussed it fully with the other

9 jurors, and listened to their views.

10      It is important that you attempt to reach a unanimous verdict but, of course,

11 only if each of you can do so after having made your own conscientious decision.

12 Do not be unwilling to change your opinion if the discussion persuades you that

13 you should. But do not come to a decision simply because other jurors think it is

14 right, or change an honest belief about the weight and effect of the evidence

15 simply to reach a verdict.

16

17

18

19

20

21

22

23

24

25

26

27

28